**NOVELTY ADVERTISING COMPANY, INC., Appellant, v. BOWERS, Tax Commissioner, Appellee.**

Board of Tax Appeals.

No. 42502.   Decided August 10, 1960.

Pomerence, Burns, Milligan & Frase, By W. M. Pomerene, Coshocton, for appellant.

Mark McElroy, Atty. Genl., By Joseph L. White, Asst. Atty. Genl., Columbus, for appellee.

**OPINION**

This cause and matter came on to be considered by the Board of Tax Appeals upon a notice of appeal filed herein under date of January 26, 1960. by the appellant above named from a final order of the Tax Commissioner dated January 12, 1960, in and by which final order that

official confirmed a sales and use tax assessment theretofore made against the appellant in the following basic amounts:

Sales Tax _____ $4,599.87
Use Tax _____ 88.06

Each assessment carries with it a penalty in an amount to be contingent upon the date of payment of the basic assessment, all as set out by the terms of the final order.

The audit period involved herein is January 1, 1955, through December 31, 1958.

The matter was submitted to the Board of Tax Appeals upon the notice of appeal, the statutory transcript supplied by the Tax Commissioner, the testimony and evidence presented at a hearing before the Board of Tax Appeals in Columbus, Ohio, on June 22, 1960, and the briefs filed by counsel.

When the case was called for hearing counsel for appellant stated that he would not present any testimony or evidence with respect to the sales tax assessed against appellant's purchases in the basic amount of $68.99 or with respect to the use tax assessed against appellant's purchases in the basic amount of $88.06. There being no error apparent in the Tax Commissioner's transcript with respect thereto, the use tax assessment is, therefore, affirmed and the amount of the basic sales tax assessment still in issue is $4,530.88 and is the sales tax assessed against the appellant as a vendor on sales made by it.

The appellant, during the audit period, was engaged in the business of manufacturing for sale such items as printed calenders, imprinted leather goods, ball point pens, foodstuffs, etc. at its plant in Coshocton, Ohio. Apparently all of the manufactured items carried the imprinted name and address of the customer for whom manufactured or some advertising message.

In connection with such operation the appellant, during the audit period, made numerous sales in Ohio to customers without charging the appropriate amount of sales tax provided by §5739.02 R. C.

In some instances the appellant received the sales tax exemption certificate provided for by §5739.03 R. C., but in many instances no such exemption certificate was obtained by appellant until sometime subsequent to the audit period. In other instances the exemption certificates which appellant did have on file during the audit period were found to be invalid by the sales tax examiner because of either inadequacy of signature, date, or for other reasons.

The exemption certificates which were allowed as being valid were stamped with a special tax department stamp at the time of the audit and the sales covered by these valid exemption certificates are not in issue.

The sales made by the appellant during the audit, for which there were no exemption certificates on file or none were received by the appellant on or prior to the date the sales tax examiner started the audit of appellant's busines, to wit, January 20, 1959, and upon which no sales tax had been charged by the appellant, were found by the sales tax examiner to be subject to the Ohio sales tax with the exception of those sales covered by customers' letters as hereinafter noted. Likewise,

the sales made by the appellant during the audit period, concerning which there were exemption certificates on file which were found to be invalid exemption certificates by the sales tax examiner, were found to be subject to the Ohio sales tax.

The specific retail sales upon which the sales tax here in issue was assessed will be found listed on Sales Tax Form 152, Tax Commissioner's transcript, pages 21 to 142.

As previously stated, the sales tax examiner commenced the audit of appellant's business on January 20, 1959. The audit was completed on May 29, 1959. When the audit was commenced, the officials of the appellant company were told by the sales tax examiners that they would have a period of sixty days in which to contact their customers for the purpose of having the customers write a letter to the appellant in which it was to be stated either that the disputed items sold by the appellant to the customers were actually used by the customers directly in making retail sales or that the customers' business was that of making retail sales.

In response to this request the appellant received from its customers the exemption certificates, the majority of which are identified as Appellant's Exhibit C. In some instances, in response to its request, the appellant received an exemption certificate to which was attached a letter or other paper which indicated that the customer was engaged in the business of making retail sales or which stated that the items purchased were actually used directly by the customer in making retail sales. As to these exemption certificates to which there was attached such a letter stating the information above noted, the sales tax examiner held that irrespective of the exemption certificate, the information contained in said letter had established that the sale involved was not subject to the tax and that particular sale was not listed in Form 152 and is not listed on pages 21 to 142 of the Tax Commissioner's transcript. We might comment at this point that the Tax Commissioner was acting very reasonably when he accepted such letters as establishing the non-taxability of said sales.

As to the exemption certificates to which there was not attached a letter of explanation, as above noted, the sales tax examiner held that it had not been established that the sale was not subject to the tax; and he subjected that sale to sales taxation and listed it for assessment on Form 152 on pages 21 to 142 of the Tax Commissioner's transcript. These are the exemption certificates identified as Appellant's Exhibit C.

The appellant, in its notice of appeal, claims that the final order of the Tax Commissioner is erroneous: "for the reason that the items with respect to which the assessment is made were sales to customers of products to be used or consumed directly in making retail sales, as defined in §5739.01 R. C., and that the Tax Commissioner erred in determining that such items were not so used, and in disregarding purchaser's exemption certificates."

The Tax Commissioner, on the other hand, says that he allowed all valid exemption certificates that appellant had on file as of January 20, 1959, and that, in addition thereto, he has allowed as nontaxable certain sales made by appellant during the audit period where it has been

established that the sale was not, in fact, subject to the tax even though there was no exemption certificate to cover the sale on file on January 20, 1959.

The pertinent provisions of §5739.01 R. C., read as follows:

"As used in §§5739.01 to 5739.31 inclusive, R. C.:

"* * *.

"(E) 'Retail sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"* * *.

"(2) * * * to use or consume the thing transferred * * * directly in making retail sales, * * *."

Sec. 5739.02 R. C., provides for the bracket sales tax on all retail sales in Ohio and, in addition thereto, contains this pertinent paragraph:

"For the purpose of the proper administration of §§5739.01 to 5739.31 inclusive, R. C., and to prevent the evasion of the tax, it is presumed that all sales made in this state are subject to the tax until the contrary is established."

The pertinent portion of §5739.03 R. C., relative to exemption certificates, as it read during the audit period here in question, is as follows:

Sec. 5739.03 R. C. (effective October 13, 1953, to September 13, 1955):

"If the tax does not apply to a sale, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate, indicating that the sale is not legally subject to the tax. The certificate shall be in such form as the tax commissioner shall by regulation prescribe, and if no certificate is furnished or obtained within the period for filing the vendor's return for the semi-annual period in which such sale is consummated, the tax shall apply."

Sec. 5739.03 R. C. (effective September 13, 1955, to July 1, 1959):

"If the tax does not apply to a sale, the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate, indicating that the sale is not legally subject to the tax. The certificate shall be in such form as the tax commissioner shall by regulation prescribe, and if no certificate is furnished or obtained within the period for filing the vendor's return for the semi-annual period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have obtained, or to have furnished, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax, and in such event the tax shall not apply."

Sec. 5739.03 R. C. (effective July 1, 1959):

"If any sale is claimed to be exempt under §5739.01 (E) R. C., or under §§5739.02 (B) (13) or 5739.02 (B) (14) R. C., the consumer must furnish to the vendor, and the vendor must obtain from the consumer, a certificate, specifying the reason that the sale is not legally subject to the tax. If the transaction is claimed to be exempt under §5739.02 (B) (14) R. C., the exemption certificate shall be signed by both the contractor and his contractee and such contractee shall be deemed to be the consumer of all items purchased under such claim of exemption in the event it is subsequently determined that the exemption is not properly claimed. The certificate shall be in such form as the tax commissioner shall by regulation prescribe. If no certificate is furnished

or obtained within the period for filing the return for the period in which such sale is consummated, it shall be presumed that the tax applies. The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax within 60 days of the giving of notice by the commissioner of intention to levy an assessment in which event the tax shall not apply."

It appears to the Board of Tax Appeals that the quoted portion of §5739.03 R. C., as it read during the audit period, when read in connection with §§5739.01 and 5739.02 R. C., make it clear that:

1. There is a presumption that all "retail sales" made by appellant in Ohio during the audit period were subject to the Ohio Sales tax.

2. This presumption can be overcome by the appellant, and a sale made by it be considered a nontaxable sale, in one of two ways, to wit:

(A) If appellant produces a valid exemption certificate which covers the sale and which exemption certificate had been obtained by it within the period for filing the vendor's return for the semi-annual period in which such sale is consummated. (See **Bellows v. Bowers, 165 Oh St 9**)—or

(B) If appellant produces testimony and evidence satisfactory to the Tax Commissioner (or to the Board of Tax Appeals, upon appeal) of sufficient competency to establish that the sale was not subject to the sales tax for the reason that the purchased item was, in fact, used for a purpose which would entitle it to be purchased without payment of the tax.

Obviously, an exemption certificate acquired after the period for filing the vendor's return for the semi-annual period in which such sale is consummated, is not, in and of itself, sufficient to establish that the purchased item was, in fact, used for a purpose which would entitle it to be purchased without payment of the tax. If the legislature had intended to place no time limit on the securing of an exemption certificate, which certificate, in and of itself, would assign to a sale otherwise presumed to be taxable, a tax-exempt statute, it could have done so. However, by the language it used, the legislature has said that a properly-prepared exemption certificate shall be valid to establish the nontaxability of a sale if it is obtained by the vendor "within the period for filing the vendor's return for the semi-annual period for which such sale is consummated." For the proposition that the legislature has the authority to do this, we cite the reasoning used in the case of Bellows v. Bowers, supra.

It seems clear to the Board of Tax Appeals that if an exemption certificate is obtained subsequent to the time above noted, it is insufficient, in and of itself, to establish a tax-exempt status for a sale made in the preceding semi-annual period; and that testimony and evidence relative to the actual use that was made of the purchased property by the consumer, wholly outside and completely independent of any tax-exemption certificate, must be presented to establish the nontaxability of the sale.

It is also noted that the amendment to §5739.03 R. C., which added the emphasized words to the paragraph,

"The failure to have so furnished, or to have so obtained, a certificate shall not prevent a vendor or consumer from establishing that the sale is not subject to the tax **within sixty days of the giving of notice by the commissioner of intention to levy an assessment,** in which event the tax shall not apply." (Effective 7-1-59.)

further limits the time within which a vendor is entitled to present his testimony and evidence relative to the actual use made of the purchased item by the consumer.

An examination of Appellant's Exhibit C discloses that it is a group of exemption certificates obtained by the appellant sometime subsequent to January 31, 1959. Such exemption certificates are incompetent, in and of themselves (even if properly made out in form as to date, signature, etc.) to establish a tax-exempt status for sales made by the appellant during the period 7-1-58, to 12-31-58, let alone for sales made in prior semi-annual periods encompassed within this audit.

Counsel for appellant, in his brief, complains that the sales tax examiner did not follow the directive set out in Sales Tax Rule 103 for sales made by the appellant prior to May 7, 1956, on which date Rule 103 was repealed. The portion of Sales Tax Rule 103, which appellant's counsel quotes, is as follows:

"Advertising matter sold to and distributed by retailers. All sales of advertising matter to retailers are exempt from the application of the Sales or Use Taxes. The **only requisite to exempting such sales is that the purchaser be a retailer and that he consume the advertising matter in his retail business.**"

However, it is apparent that no rule of the Tax Commissioner can contravene the statutes and abolish the statutory requirement set up in §5739.03 R. C., relative to exemption certificates. See the last portion of the Opinion of the Supreme Court of Ohio in the case of City **Blueprinting Co. v. Bowers, 163 Oh St 6,** and the comments made in the body of the Opinion in the case of Bellows v. Bowers, supra.

But, even if such Rule 103 did have the force and effect of law prior to May 7, 1956, the appellant has not proven to this Board that, for the sales subjected to taxation by the Tax Commissioner for this period, the purchaser thereof "was a retailer and that said retailer consumed the advertising matter in his retail business," which proof is a requisite for the tax exemption under said rule.

Upon the above considerations, it is the order of the Board of Tax Appeals that there is no error in the final order of the Tax Commissioner and said final order, therefore, must be, and is, affirmed.

I hereby certify the foregoing to be a true and correct copy of the action of the Board of Tax Appeals of the Department of Taxation this day taken with respect to the above matter.

SECRETARY